EDMUND R. HARRINGTON, Appellant, *v.* THE ERIE COUNTY SAVINGS BANK, Respondent.

*It seems* the rule that a trustee may not purchase or deal in the trust property in his own behalf does not render such a purchase void *ab origine*, but voidable only, and at the instance of the *cestui que trust* or of a party who has acquired the rights which belong to one in that relation. The title, even while in the hands of the trustee, may be confirmed as well by acquiescence and lapse of time as by the express act of the *cestui que trust*.

The title of a subsequent *bona fide* purchaser for value and without notice, when there is nothing on the record to show that his grantors had not a

perfect right to convey, cannot be impeached, even in equity ; he takes the land freed from the trust.

(Argued December 10, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 29, 1883, which denied a motion for a new trial and directed judgment for defendant on an order dismissing the complaint on trial.

This was an action of ejectment.

The material facts are stated in the opinion.

*George Clinton* for appellant. Upon the evidence the jury might legally have concluded, either that the conveyances by which the trustee got title were made for the purpose of swindling the estate, or that the object of such conveyances was to pay the claim made against the estate by him and give him in satisfaction the property in question. In either event the conveyances would be void, and the title would have remained in the trustees (*Lytle* v. *Beveridge*, 58 N. Y. 592 ; *Russell* v. *Russell*, 36 id. 581 ; R. S., part 2, chap. 1, title 2, art. 2, § 65 [7th ed.], p. 2183 ; *Briggs* v. *Davis*, 20 N. Y. 15 ; *S. C.*, 21 id. 57 ; *Douglas* v. *Cruger*, 80 id. 15 ; Bish. on Insol. Debt. [ed. of 1879] 311, 312 ; *Powers* v. *Bergen*, 6 N.Y. 358 ; *Fitzgerald* v. *Tapping*, 48 id. 438 ; *People* v. *Building Co.*, 23 Hun, 274 ; 92 N. Y. 98 ; *Marvin* v. *Smith*, 46 id. 571.) The quit-claim deed, being in contravention of both the trust expressed in the deed and the power in trust in the will, is void. The plaintiff would not be estopped by such a deed if it had been proven, either as against the trustees or Mrs. Harrington. (*Stuart* v. *Kissam*, 2 Barb. 493 ; *Heath* v. *Crealock*, L. R., 10 Ch. App. 22 ; *S. C.*, 11 Eng. Law Rep. [Moak] 486 ; *Douglas* v. *Cruger*, 80 N.Y. 15 ; Bigelow on Estop. 480.) The transfer of defendant was in contravention of the trust, which is expressed in the assignment, and, therefore, absolutely void under the statute as the trust was still alive. (R. S., part 2, chap. 1, title 2, art. 2, § 65 ; *Thatcher*

v. *Candee*, 3 Keyes, 157; *Briggs* v. *Palmer*, 20 Barb. 392; affirmed, *sub nom. Briggs* v. *Davis*, 20 N. Y. 15; 21 id. 574; *Acer* v. *Westcott*, 46 id. 384, 392; 7 Lans. 193; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Bergen* v. *Bennett*, 1 Caine's Cas. in Error, 348; *Davoe* v. *Fanning*, 2 Johns. Ch. 204; *Gardner* v. *Ogden*, 22 id. 344; *Callahan* v. *Cunningham*, 8 Cow. 361; Perry on Trusts, § 205.)   A purchaser having knowledge of facts sufficient to put him on inquiry is presumed to have made inquiry, and is chargeable with notice of whatever he could have ascertained by the inquiry upon which the circumstances should have put him.   (*Reed* v. *Gannon*, 50 N. Y. 345, *Cordova* v. *Hood*, 17 Wall. 1; *Att'y Gen'l* v. *Biphosphated Guano Co.*, 27 Weekly Rep. 621; *Gallatin* v. *Cunningham*, 8 Cow. 361; *Balcom* v. *Life Ins. Co.*, 11 Paige, 454; *Boone* v. *Childs*, 10 Pet. 177, 212; 2 Wait's Act. and Def. 507; *Jackson* v. *Matsdorf*, 11 Johns. 91; *Jackson* v. *Mather*, 7 Cow. 301.)

*E. C. Sprague* for respondent.   The sale to George P. Stevenson assuming that it was *bona fide*, and that the estate was credited with the amount of the proceeds, was in legal effect a compliance with the provisions of the trust deed. (*Briggs* v. *Davis*, 20 N. Y. 30, 31; *Dodge* v. *Stevens*, 94 id. 209, 214.)   The credit given to the trust account by Edward I. Stevens for $10,000 is equivalent to the payment by George of that amount of money to the trustees, and is a conversion of the land into money within the meaning of the assignment. (*Silverthorn* v. *McKinstorn*, 12 Penn. St. 67; *Whittington* v. *Roberts*, 4 Monr. [Ky.] 173, 174; *Livingston* v. *Newkirk*, 3 Johns. Ch. 312, 318, *Ball* v. *Miller*, 17 How. Pr. 300; *Duntz* v. *Duntz*, 44 Barb. 461, 462; *Slade* v. *Vanvechten*, 11 Paige, 21, 22, 25; *Graham* v. *Dickenson*, 3 Barb. Ch. 170; *Wallace* v. *Duffield*, 2 Serg. & R. 524; *Rogers* v. *Tilley*, 20 Barb. 639; *Bergen* v. *Bennett*, 1 Caine's Cas. 18.)   Whether the sale was for the full value of the land is immaterial.   (*Briggs* v. *Davis*, 20 N. Y. 30–32; *Shelton* v. *Homer*, 5 Metc. 467; *Dubois* v. *Barker*, 4 Hun, 80; *Peck* v. *Newton*, 46 Barb. 173;

*Gallatin* v. *Cunningham*, 8 Cow. 361, 377–384.) A sale can only be deemed in contravention of the trust where it is in conflict with its terms. Where a trust deed, as in this case, directs a sale without limit as to time, price, purchase or terms, and where no conditions precedent to the exercise of the power to sell remain unfilled, the sale is valid. (*Lytle* v. *Beveridge*, 58 N. Y. 592; *Russell* v. *Russell*, 36 id. 581; *Briggs* v. *Davis*, 21 id. 574; *Allen* v. *Dewitt*, 3 Comst. 276; *Rome* v. *Phillips*, 27 N. Y. 357; *Douglas* v. *Cruger*, 80 id. 15; *Powers* v. *Bergen*, 6 id. 358; Perry on Trusts, 785; *Roseboom* v. *Mosher*, 2 Den. 61; *Dubois* v. *Barker*, 4 Hun, 80; *Hancox* v. *Meeker*, 28 id. 214; *Belmont* v. *O'Brien*, 2 Kern. 394; *Jackson* v. *Vandalfsen*, 5 Johns. 43; *Jackson* v. *Walsh*, 14 id. 407; *Jackson* v. *Brooks*, 8 Wend. 426; *Silverthorn* v. *McKinster*, 12 Penn. St. 67; 3 Ross' Com. Law, 305, 319; Burr. on Assign. 392; 1 Perry on Trusts, 205; *Taintor* v. *Henderson*, 7 Burr. [Penn.] 48; *Bradstreet* v. *Clark*, 12 Wend. 602, 667; *Dundas* v. *Hiscock*, 12 How. [U. S.] 256, 271; Sugden on Pow. 82; 2 R. S. [6th ed.] 1109, § 73; 1119, § 164; 1130, 1; 2 R. S. 1110, § 79; *Peck* v. *Newton*, 46 Barb. 173; *Gallatin* v. *Cunningham*, 8 Cow. 361; *Johnson* v. *Bennett*, 39 Barb. 237; *Hubbell* v. *Sibley*, 50 N.Y. 71, 472, 473; Tiff. & Bull. on Trustees, 811; *Dodge* v. *Stevens*, 94 N. Y. 209; *Chapman* v. *Delaware, etc., R. R. Co.*, 3 Lans. 284; 1 Perry on Trusts, 205.) All the deeds should be construed as one instrument and constitute a substantial compliance with the provisions of the will. (*Cooper* v. *Whitney*, 3 Hill, 95.) The provisions of the trust deed, and the will of Mr. Harrington construed together and in connection with the quit-claim deed of the children, the deed to Mrs. Harrington, the bond and mortgage of indemnity given by her, and the entire object of all these transactions conclusively show that the sale was a legal performance of the intention of Harrington as shown by his assignment and his will, and within the powers of the children and trustees and the executors' clause of the will as to payment by executrix of the debts provided for by the assignment. (*Lang* v. *Ropke*, 5 Sandf. 363; Burr. on Assign. [2d ed.] 394; *Merrill* v. *Englesby*, 28 Vt. 150.) None of the con-

veyances in question are void under the provisions of the statutes as to fraudulent conveyances. (3 R. S. [6th ed.] 224, 225, § 5.) The quit-claim deed from plaintiff and the other heirs of Harrington to Spaulding and Stevenson conveyed to them in their own right all the interests, legal or equitable, which he then had in the premises, and he has acquired no right since. (1 R. S. 748 [6th ed.] vol. 2, 1130, § 1; 2 R. S. [6th ed.] 1094, § 17; 3 R. S. [6th ed.] 225, § 2; 2 R. S. 1105, § 49; 1103, § 35; 1101, §§ 8, 9, 10, 11; 1104, § 4, 2; 1110, § 76; 4 Kent, 211, note; *Tower* v. *Hale*, 46 Barb. 361; *Peck* v. *Mallams*, 10 N. Y. 509, 537, 538; 4 Kent, 262, note; *Jackson* v. *Walsh*, 14 Johns. 407, 414, 415, 66; *Jackson* v. *Brooks*, 8 Wend. 426; *Nicholson* v. *Halsey*, 1 Johns. Ch. 417; *James* v. *Morey*, 2 Cow. 246.) The rule that the title can only be questioned in such a case by proceedings in equity is inflexible. (*James* v. *Morey*, 2 Cow. 246; *Jackson* v. *Walsh*, 14 Johns. 407, 414, 415; *Shelton* v. *Homer*, 5 Metc. 467; *Bostwick* v. *Atkins*, 3 Comst. 53, 60.) The plaintiffs are estopped by their deed from asserting a legal title to the premises in dispute, whatever may be their equitable rights to call assignees to account. (4 Kent, 98.) The defendant is entitled to protection as a *bona fide* purchaser of the premises. (*Claflin* v. *Lenheim*, 66 N. Y. 301; *Birdsall* v. *Russell*, 29 id. 220, 249; *Welch* v. *Sage*, 47 id. 143, 147; 2° Kent, 147; 2 R. S. 1104, § 41; *Lang* v. *Ropke*, 5 Sandf. 363; *Morrison* v. *Brand*, 5 Daly, 40; *Roger* v. *Murray*, 3 Paige, 390; *Guthrie* v. *Gardner*, 19 Wend. 414; 1 Story's Eq. Jur., § 64, chap. 381, 410, 411; *Briggs* v. *Davis*, 20 N. Y. 23, citing *Jones* v. *Powles*, 3 M. & K. 581; Tiffany & Bullard on Trustees, 197, 198, 199, 818; *Jackson* v. *Walsh*, 14 Johns. 407, 415; *Jackson* v. *Henry*, 10 id. 185, 195; *Frazer* v. *Western*, 1 Barb. Ch. 220, 240; *Mowry* v. *Walsh*, 8 Cow. 238; *Warner* v. *Blakeman*, 36 Barb. 501, 519.) Conceding that there has been no conveyance of the premises in question by the trustees, the plaintiff cannot maintain ejectment for the reason that the legal title still remains with the trustees. (1 R. S. [1st ed.] 730, § 67; 2 R. S. [6th ed.], 1110, § 60; *Calkins* v. *Calkins*, 3 Barb. 305; *Sayre* v. *Wisner*, 8 Wend. 661;

*Amsberry* v. *Hinds*, 43 N. Y. 57; *Satter* v. *Tobias*, 3 Paige, 338; Ang. on Lim., § 22; *Rogers* v. *Murray*, 3 Paige, 390; *Williams* v. *City of Oswego*, 25 Hun, 36, 38; *Rogers* v. *Leftwitch*, 2 Heisk. [Tenn.] 480; Laws of 1875, chap. 545; *Wood* v. *Mather*, 38 Barb. 473; *Wood* v. *Mather*, 44 N. Y. 249; *People* v. *Canal*, 6 id. 463; *R. R. Co.* v. *Van Horn*, 57 id. 473.) The plaintiff, irrespective of his quit-claim deed, is estopped by the facts proved from asserting any claim to this property by silence while Stevenson and the defendant were erecting buildings. (*Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *Bowen* v. *Bowen*, 30 N. Y. 519; *Niven* v. *Belknap*, 2 Johns. 573, 589; *Higenbotham* v. *Barnet*, 5 Johns. Ch. 184, 188; *Cheeney* v. *Arnold*, 18 Barb. 434, 440; *Brewster* v. *Baker*, 16 Barb. 613, 618; *Walrath* v. *Redfield*, 18 N. Y. 457 ) Plaintiff is estopped by the receipt by the estate of the purchase-money of which the plaintiff has had the benefit, which there has been no offer to repay, and which cannot be offset or ordered to be repaid by any judgment which can be rendered in this action. (Big. on Estop. 514; *Tompkins* v. *Hyatt*, 28 N. Y. 347; *More* v. *Smedburgh*, 8 Paige, 600.) He is also estopped by lapse of time in equity and by the equitable defenses set up in the answer, and which were established by the plaintiff's own evidence. (Code of Civ. Pro. 1531; 2 R. S. [6th ed.] 578, § 45; *Bedell* v. *Shaw*, 59 N. Y. 46; *Barney* v. *Griffith*, 5 Sandf. Ch. 552, 558; *Colburn* v. *Morton*, 5 Abb. Pr. [N. S.] 308, 316; *Peabody* v. *Flint*, 6 Allen, 52, 57; Story's Eq. Jur., §§ 1520, 1523; id. 81; *Bostwick* v. *Atkins*, 3 Comst. 53, 60; Tiff. & Bull. on Trustees, 146, 148; *Bergen* v. *Bennett*, 1 Caines, 19 *et seq.*; *Cunningham* v. *Cassidy*, 17 N. Y. 276; *Hubbell* v. *Medbury*, 51 id. 100; *Fifth N. Bk.* v. *Hyde Park*, 101 Ill. 595; Pom. on Rem. 379; *Duncomb* v. *R. R. Co.*, 84 N. Y. 190, 199; *Getty* v. *Devlin*, 54 id. 403, 415; *Gould* v. *N. Bk.*, 86 id. 75, 82, *et seq.*; *Boerum* v. *Schenck*, 41 id. 182, 196, 197.)

DANFORTH, J. The record shows that this action was commenced on the 19th of April, 1877, to recover possession of

certain premises lying on the corner of Main and Court streets, in the city of Buffalo, then in possession of the defendant, but to which the plaintiff claimed to have title.   The defendant admitted possession of the premises, and denying any title or interest in the plaintiff, among other defenses asserted a legal title in itself, acquired in April, 1865, by purchase, in good faith and for a valuable consideration, from one Edward L. Stevenson, without notice of any claim on the part of the plaintiff; facts sustaining this allegation were in evidence before the plaintiff rested, and of themselves justified the non-suit against which this appeal is taken.

It appeared that Isaac R. Harrington was the common source of title; that he died in August, 1851, leaving a will under which the plaintiff took if at all, as one of several residuary devisees.   But before that, as the plaintiff also showed, his testator in November, 1847, conveyed this, with other property, to Edward L. Stevenson and Elbridge G. Spaulding "in trust to sell and dispose of the same upon such terms and conditions as in their judgment might appear best and most for the interest of the parties concerned, and convert the same into money, and by and with the proceeds of said sales and collections, to "pay the expenses of the trust and care of the property, and apply the balance upon debts" named or referred to as set out therein. His wife, Amanda, joined in the assignment, and she was also the sole executrix of his will.   In December, 1852, the assignors and Mrs. Harrington, for an expressed consideration of $10,000, conveyed the property to George P. Stevenson, and he on the 25th day of February, 1856, conveyed it to Edward L. Stevenson, who on the 10th of April, 1865, for an actual consideration of $20,000 then paid to him, executed a deed with warranty and covenants of seizin to the defendant.   In each instance possession of the premises corresponded to the legal title.   The assignment and several conveyances above referred to were all duly recorded before the execution of the deed to the defendant.   It vests a plain record title, and we agree with the learned trial judge and the General Term in the opinion that nothing was proven to impeach it.

Suppose we concede on behalf of the appellant that the jury

might have found that the conveyance by the trustees to George Stevenson was a device to get the title into Edward, who was one of the trustees, to satisfy a claim of the latter against the estate of Isaac, the creator of the trust, and provided for in his assignment. The existence and *bona fides* of the claim cannot upon the evidence admit of doubt, and it was proved that by the transaction, the claim was to that extent satisfied. We are, therefore, unable to see how the act can be characterized except as one done for the benefit of the estate, apparently within the terms of the power in trust, and not in conflict with them. The appellant relies upon the well-established doctrine that a trustee cannot purchase or deal in the trust property in his own behalf, or for his own benefit, directly or indirectly. This is a rule of equity and is not to be impaired or weakened. Such a purchase, however, is not void *ab origine*, but voidable only, and at the instance of the *cestui que trust*, or of a party who has acquired the rights which belong to one in that relation. Even while in the hands of the trustee the title may be confirmed as well by acquiescence and lapse of time as by the express act of the *cestui que trust*. These elements exist, but need not be considered, for a legal estate acquired by a subsequent *bona fide* purchaser in good faith and without notice cannot be impeached even in equity. He takes the land freed from the trust.

That seems to be the situation of this defendant. There was nothing on record to show that its grantor had not a perfect right to convey, and if he had not, it was owing to some undisclosed act or circumstance of which there is no reasonable ground for suspicion the defendant had notice.

We have examined the various propositions of the learned counsel for the appellant, but find none which shows error committed by the trial court in dismissing the complaint, or which, in view of the opinion above expressed by us, requires further notice.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.