84 541<br>152a 305

MAYER KAHN, Respondent, *v.* CHESTER W. CHAPIN, Appellant.

*Specific performance of a contract for the sale of real estate — purchase by a trustee of property belonging to the trust estate — voidable, not void — when beneficiaries will not be permitted to disturb the title.*

Upon the trial of an action brought to compel the specific performance of a contract to convey real estate, or, in case the defendant was unable to convey a good title, that damages might be awarded to the plaintiff, it appeared that one Abel Harker died September 6, 1851, seized in fee simple of certain premises subject to a mortgage thereon which, prior to his decease, had been executed by himself and his wife; that the said Harker left him surviving a widow and four daughters, his only heirs at law and next of kin, and that he left a last will and testament which was duly admitted to probate. By his will he created a trust covering the real property in question, for the benefit of his widow and children.

Subsequently one Joseph Harker was appointed a trustee to execute the trust created in the will, and after his appointment as trustee an action was commenced for the foreclosure of the mortgage above mentioned, and all of the

necessary parties were personally served with process. A guardian *ad litem* was appointed for two of the children of Abel Harker, who were then infants, and the usual answer in such case was interposed by him.

Upon the sale of the premises in question, under the judgment of foreclosure, the property was purchased by Joseph Harker individually, and a surplus arising from such sale was afterwards, by order of the court, paid to Harker, as trustee.

The two infant children of the testator became of full age on or before February 28, 1873. Subsequently Joseph Harker conveyed the premises in question, and the same were owned by the defendant at the time of the commencement of the present action.

On the date fixed, by the contract for the sale of the property, made by the defendant with the plaintiff, for the passing of the title, the plaintiff refused to accept the conveyance tendered by the defendant, alleging that the title was defective because defendant's title was derived from the trustee, who personally purchased the property at the mortgage sale.

The defendant in this action answered, denying that his title was defective, and demanded judgment that the contract be specifically performed.

At the conclusion of the trial of the action the plaintiff waived his objections to the title and announced that he was ready to take the conveyance tendered and execute the contract; the defendant waived all claim to affirmative relief, and thereupon a judgment was entered directing the defendant to convey the premises to plaintiff by a warranty deed.

Upon appeal by the defendant from the judgment so entered,

*Held*, that it was too late for the defendant, as a matter of right, to refuse to perform his contract;

That as, at the date of the trial, twenty-eight years had elapsed since the trustee had purchased the premises; twenty-two years had passed since the testator's youngest daughter had become of full age, and thirteen years had elapsed since the defendant's ancestor had acquired his title, all of the daughters of Abel Harker being alive, except one, who was not a minor at the date of the foreclosure; as the trustee was living and financially responsible and his action had never been questioned, the premises having been sold pursuant to a mortgage executed by the testator, the mere fact that the trustee personally purchased the property at the foreclosure sale did not render his title void, but voidable only at the election of the beneficiaries;

That the title of the trustee and his grantee might be confirmed by acquiescence and the lapse of time, as well as by the express act of the beneficiaries; and the beneficiaries, having knowledge of the sale and having received the benefit of it and having acquiesced therein for so many years, would not be permitted to disturb the title of the purchaser, but would be left to their remedy against the trustee, if they had any cause for complaint against him.

APPEAL by the defendant, Chester W. Chapin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of June,

1894, upon the decision of the court, rendered after a trial at the New York Special Term, directing the defendant to perform specifically a contract to convey real estate.

September 6, 1851, Abel Harker died seized in fee of No. 291 West Twelfth street, subject to a mortgage to secure the payment of $3,500, executed by him and his wife October 6, 1847, and recorded October 7, 1847. Abel Harker left him surviving Jane Ann Harker, widow, and four daughters, his only heirs and next of kin. He left a last will and testament, which was duly probated September 25, 1851, by which two executors were nominated, both of whom refused to qualify, and, on the 2d of October, 1851, letters of administration, with the will annexed, were issued to the widow and James Wooley, who accepted the trust and administered the personalty. By the will a trust was established over the realty for the benefit of the widow and children. Wooley also assumed the execution of the trust created in the real estate. February 1, 1866, upon the petition of the widow and the four daughters, Joseph Harker, a nephew of the testator, was appointed as trustee to execute the trusts created by the will, and entered upon the discharge of his duties. February 27, 1866, Cornelius Vanderbilt, the assignee of the aforesaid mortgage, began an action for its foreclosure, in which the widow, the four daughters, the persons named as executors in the will, and the trustee, were make parties defendant, all of whom were served. All of the parties were of full age except Virginia C. Harker and Louise E. Harker, who were upwards of fourteen, February 28, 1866. A guardian *ad litem* was appointed for the infants, who appeared and served the usual answer submitting their rights to the court. A judgment of foreclosure was recovered April 30, 1866, the premises were sold and conveyed May 22, 1866, in pursuance thereof, to Joseph Harker for $9,000. After the payment of the judgment and the costs of sale there was a surplus of $5,038.57, which was paid by the referee to the chamberlain of the city of New York. Afterwards Harker applied as trustee for an order directing the payment of the surplus to him, the matter was referred, the infants appeared upon the hearing by their guardian, and the surplus was directed to be paid to Harker as trustee. The two infant daughters became of full age on or before February 28, 1873. March 15, 1881, Joseph Harker and his wife conveyed the premises

First Department, February Term, 1895.          [Vol. 84.

to Chester W. Chapin for $14,000, by a deed recorded March 18, 1881. Subsequently the grantee died, leaving this defendant his sole heir, who acquired the title which his father acquired under the aforesaid deed, and has since remained in possession of the premises.

October 19, 1892, the litigants entered into an executory contract, by which the defendant sold and agreed to convey to the plaintiff, by a warranty deed, said premises in consideration of $16,000. On the date fixed for passing the title the plaintiff refused to accept the conveyance tendered by the defendant, on the ground that his title was defective, because the trustee personally purchased the property at the mortgage sale, and defendant's title was derived from him. Afterwards this action was brought, the plaintiff asking that the contract be specifically performed in case the defendant was able to convey a good title, but, if not, that damages be awarded. The defendant answered, denying that his title was defective, and demanding a judgment that the contract be specifically performed. At the conclusion of the trial the plaintiff waived his objections to the title, and announced that he was ready to take the conveyance tendered and execute the contract. The defendant waived all claim to affirmative relief, and thereupon a judgment was entered, directing him to convey the premises to the plaintiff by a warranty deed. No costs were awarded to either party. The defendant appeals, and insists that the court erred in directing him to convey to the plaintiff and warrant a defective title.

*A. A. Gardner* and *William J. Kelly*, for the appellant.

*Abner C. Thomas* and *Emanuel Arnstein*, for the respondent.

Per Curiam :

At the date of the trial twenty-eight years had elapsed since the trustee purchased at the mortgage sale, twenty-two years had passed since the testator's youngest daughter became of full age, and thirteen years had run since the defendant's father acquired his title. All of the daughters are now living, except one, who was not a minor at the date of the foreclosure; the trustee is also living, is financially responsible, and is still engaged in administering the trust. During all this time the action of the trustee has never been ques-

tioned. The premises were not sold by his act or procurement, but pursuant to a mortgage executed by the testator, and the mere fact that the trustee personally purchased the property at a foreclosure sale does not render his title void, but voidable only at the election of the beneficiaries, and the title of the trustee and of his grantee may be confirmed by acquiescence and the lapse of time as well as by the express act of the beneficiaries. (*Harrington* v. *Erie County Savings Bank*, 101 N. Y. 257; Lewin's Law of Trusts [8th ed.], 495.) It is not asserted that the property did not sell for its full value at the mortgage sale, and it expressly appears that the surplus money was recovered by the trustee in a proceeding to which the widow and all of the children were parties. The beneficiaries having knowledge of the sale, and having received the benefit of it and acquiesced for so many years, would not be permitted to disturb the title of a purchaser, but would be left to their remedy against the trustee, if they have any cause for complaint against him.

Neither litigant had declared the contract abandoned or had absolutely refused to perform it until the trial was concluded. When the evidence was all in and the state of the title developed, the plaintiff withdrew his objections and offered to take the title, and it was then too late for the defendant, as a matter of right, to refuse to perform his contract. The alleged defect, which, under the circumstances, we think is not a substantial one, existed when the defendant executed the contract and covenanted to warrant the title to the plaintiff, and we think the court did not err in compelling the defendant to perform his contract.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.