The Southern Bank of Kentucky *v.* The Ohio Insurance Co. et al.

THE SOUTHERN BANK OF KENTUCKY *v.* THE OHIO INSURANCE COMPANY *et al.*

RECEIVERS—LIEN OF JUDGMENT.—The lien of a judgment upon the real estate of a corporation is not lost or affected by the subsequent appointment of a receiver to settle the business of such corporation; nor is the judgment-plaintiff thereby prevented from proceeding by execution, levy and sale of such property to make his debt.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—This was a petition filed by the appellant, which alleged that on the 12th of *October*, 1861, the appellant recovered a judgment in the *Floyd* Court of Common Pleas against the *Ohio Insurance Company* and one *Patterson*, for the sum of 10,787 dollars and 48 cents and costs of suit, which judgment remains unpaid; that at the time of the rendition of the judgment, the Insurance company was the owner in fee of a large amount of real estate in the county of *Floyd*, of the value of at least 20,000 dollars, on which the judgment mentioned was the first lien of any kind whatever; that on the 28th of *October*, of the same year, by the consideration of said *Floyd* Circuit Court, the affairs of said Insurance company were put into the hands of a receiver, viz.: *James M. Haines*, who still continues to control the same, under the direction of the Court; that the receiver, as appears by his current report, has in his hands, as such receiver, the sum of 28,000 dollars, which the petitioner claims ought to be applied to the payment of the judgment which is the first lien upon the real estate of the Insurance company. Prayer, that an order be made directing the receiver to pay the judgment before any of the funds be applied to the payment of any other debts of the corporation.

The Court below refused to grant the prayer of the peti

tioner, but directed the receiver to pay 20 per cent. on certain claims referred to in the report of a master.

The appellant excepted to the ruling, and brings the case here for revision.

We have not been furnished with any brief on the part of the appellee, and are not advised upon what ground the case was decided below. We presume, however, that the decision was not placed upon the ground that the bank had lost her lien upon the real estate in consequence of the affairs of the Insurance company having been placed in the hands of a receiver, and that she was only entitled to a *pro rata* share of the assets. The statute provides that, "all final judgments in the Supreme and Circuit Courts, and Courts of Common Pleas, for the recovery of money or costs, shall be a lien upon real estate and chattels real liable to execution in the county where the judgment is rendered, for the space of ten years after the rendition thereof," &c. 2 G. & H. p. 264. On general legal principles, the lien thus created by the statute can not be destroyed by the insolvency of a corporation against which a judgment may be rendered, and the placing of her affairs in the hands of a receiver; and we are not advised of any statute having that effect. 2 Story's Eq., §§ 829, 830; *Hubbard* v. *Guild*, 2 Duer. 685.

Although the lien of the appellant was in no manner impaired by the appointment of the receiver, still we do not think any error was committed in the ruling of the Court below.

We do not see any sufficient reason for the appellant's application to the Court for the payment of her judgment out of the funds in the hands of the receiver. For aught that appears the appellant could, and yet can, enforce her claim, and avail herself of the benefit of her lien, in the ordinary mode, by execution, levy and sale of the property on which her judgment is a lien. The appointment of a receiver does

not prevent such levy and sale. *Albany City Bank* v. *Schermerhorn*, 9 Paige 372; Edwards on Receivers, 146. Such levy and sale in no manner interferes with the possession of the receiver; and if the purchaser would have to apply to the Court by which the receiver was appointed for possession, the Court would award it, the judgment lien being the oldest. Case in 9 Paige, *supra; Ohio, &c. Co.* v. *Fitch,* 20 Ind. 498.

If the funds in the hands of the receiver had arisen from a sale of the land on which the appellant's judgment was a lien, a different question would have been presented; but such does not appear to have been the case.

As the appellant can avail herself of the process of execution and thereby enforce her lien, and as the funds in question have not arisen from the sale of the property on which her lien exists, we see no good reason why those funds should be applied first to the payment of the judgment.

*Per Curiam.*—The judgment below is affirmed, with costs.

*R. & H. Crawford,* for the appellant.