GEORGE C. PRESTON, as RECEIVER OF THE ULSTER COUNTY AGRICULTURAL SOCIETY, RESPONDENT, *v.* ROBERT LOUGHRAN, APPELLANT.

*A corporation organized under chapter 425 of 1855, and chapter 394 of 1867 — power to mortgage its property to a director — enforcement of a mortgage foreclosure judgment against property in the hands of a receiver.*

.A corporation, organized under chapter 425 of the Laws of 1855, and chapter 394 of the Laws of 1867, has power to mortgage its property when authorized by a vote and by the consent of two-thirds of the stockholders.

The director of such a corporation is not prohibited from loaning money to it, and receiving from it security, in the form of a mortgage upon its property, for the repayment of the amount loaned, and under a foreclosure of such mortgage he may purchase in and obtain title to the property mortgaged.

While a party having a judgment, which is a lien upon property in the hands of a receiver, will not be permitted to take the property out of the possession of the receiver and sell it under an execution issued upon such judgment, yet a plaintiff, who has obtained a judgment of foreclosure of a mortgage, is differently situated and may sell the mortgaged property thereunder.

A judgment, in an action brought by the attorney-general to dissolve a corporation on the ground that it has suspended its business for more than a year, provided that "nothing in this decree contained shall be deemed in any way to prejudice the legal rights of Charles Burhans under the mortgage held by him, and under the decree of foreclosure and sale heretofore made in an action brought by said Charles Burhans to foreclose said mortgage; * * * nor shall it be necessary for the said Charles Burhans or the said Robert Loughran to bring said receiver as a party into their respective actions; nor shall this decree operate as a stay in either of said actions of said Charles Burhans and Robert Loughran."

*Held,* that this provision of the decree was a permission, if any was needed, to Burhans to sell the mortgaged premises under his decree of foreclosure of the mortgage.

APPEAL by the defendant Robert Loughran from a judgment of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 9th day of May, 1890, in favor of the plaintiff, for the recovery of certain real property described in said judgment, and for the sum of $300 for the rents and income thereof, and for the costs and disbursements in the action, after a trial at the Ulster Circuit before the court without a jury.

The judgment decreed that George C. Preston, receiver of the Ulster County Agricultural Society, recover of Robert Loughran,

the defendant herein, the possession of the property and real estate described in the complaint.

*F. L. Westbrook*, for the appellant.

*Charles A. Fowler*, for the respondent.

LEARNED, P. J. :

This is an action of ejectment tried before the court without a jury. The property in question on or prior to June 6, 1874, belonged to the Ulster County Agricultural Society, a corporation organized under chapter 425, Laws of 1855, and the special provision of chapter 394, Laws of 1867.

On that day a meeting of the stockholders was held, and by a two-thirds vote it was resolved to mortgage the property to the amount of $1,300, to pay existing debts. Such bond and mortgage to be executed by the president, secretary and treasurer of the society, or a majority of them. A written consent of the same date, signed by two-thirds of the stockholders, to the same effect was proved on the trial. The directors had voted to the same effect October 4, 1873.

Pursuant to authority herein given, a bond and mortgage, dated the 15th day of June, 1874, was executed, as authorized by said vote, by the president, secretary and treasurer, to Robert Loughran, the defendant, to secure $1,300, payable in one year with interest. On the 13th day of July, 1887, Loughran assigned the bond and mortgage to Charles Burhans, the object of the assignment being to have the mortgage foreclosed. On the 10th day of August, 1887, Burhans commenced an action of foreclosure on the bond and mortgage against said society and other defendants.

The summons and complaint were duly served on the society by delivery to the president, and were duly served on the other defendants. The usual proceedings were taken on default, and a judgment of foreclosure and sale was granted October 8, 1887.

On the 4th day of November, 1887, the referee advertised, and on the 30th of June, 1888, sold the premises to defendant for $1,600. His report was made, dated July 2, 1888, and was confirmed July 21, 1888. The referee's deed was executed and delivered to defendant, dated June 30, 1888.

This is an abstract of defendant's title. On the 15th of September,

1887, an action was commenced by the People against the Ulster County Agricultural Society to have the corporation dissolved on the ground that it had suspended its business for many years. No defense was made; and on October 8, 1887, a judgment was entered dissolving the corporation and appointing the plaintiff a receiver of the property. Under this judgment the receiver took possession of the books of the corporation. This judgment, which it will be seen was granted the same day with the aforesaid judgment, contained the following provisions:

" Nothing in this decree contained shall be deemed in any way to prejudice the legal rights of Charles Burhans, under the mortgage held by him, and under the decree of foreclosure and sale heretofore made in an action brought by said Charles Burhans to foreclose said mortgage."

"Nor shall it be necessary for the said Charles Burhans, or the said Robert Loughran, to bring said receiver as a party to their respective actions, nor shall this decree operate as a stay in either of said actions of said Charles Burhans and Robert Loughran."

On November 2, 1887, upon affidavits of Preston, the above plaintiff, and of his attorney, notice was given to the attorney of Burhans, of a motion for an order opening the foreclosure decree and allowing Preston, as receiver, to be let in to defend in the interest of all creditors and stockholders, and a stay of proceedings in the foreclosure action for twenty days was granted to enable Preston to make the motion. A reference was had to take evidence in said motion, and the motion was finally heard June 16, 1888, and was denied, with costs and disbursements to be paid out of the proceeds of the sale.

This, however, was without prejudice to Preston, receiver, to bring an action to recover for alleged claims asked to be set up as to the cause of action recovered by plaintiff in the foreclosure action. This order was made by the consent of Preston's attorneys. A reference to the affidavit of Preston shows what the claims are on which he was thus allowed to sue Loughran. His affidavit alleges that Loughran was an officer of the society; had been in receipt of all the income and had never accounted therefor. Of course, if true, this might show a counter-claim for moneys received which would have been available against the foreclosure.

And, as the court denied the right to come in and defend, it very properly declared that the decision should not prejudice his right to bring an action himself on these claims. Of course, the present action is not brought under that provision. For Loughran then had no title to the land, and ejectment against him was not contemplated in the order. It was also declared that the question of the validity of the mortgage was not passed upon.

This is an abstract of plaintiff's title to the land; that is, the plaintiff makes four claims:

*First.* That the society had no power to mortgage.

*Second.* That the complaint in the foreclosure avers an assignment to Burhans of the mortgage, but does not aver an assignment of the bond.

*Third.* That Loughran, being an officer of the company, could not buy for himself.

*Fourth.* That, after the appointment of plaintiff as receiver, the sale under the foreclosure was absolutely void.

The learned court held with the plaintiff on the third and fourth points.

The complaint in the foreclosure action was sufficient. The mere omission of the words "bond and" did not make the complaint invalid. It would hardly be demurrable; the meaning was plain. The assignment of the mortgage with the bond was on record July 29, 1887. The reference was to compute what was due on the bond and mortgage, and the referee reported accordingly, referring to the record of the assignment. The judgment was valid.

Next, as to the power of the society to execute the mortgage.

The general act, chapter 425, Laws of 1855, does not provide for stock companies. The payment of ten dollars makes one a life member, and the payment of fifty cents annually a so-called stockholder. But there is no capital stock. The power to sell land is to be obtained on application to the court after a vote at an annual meeting following a notice published for three months previous. But the society in question was organized into a stock company (chap. 394, Laws of 1867) with shares of twenty-five dollars each. And section 6 provides that, by authority of a vote of two-thirds, the officers might sell and dispose of the property of the society in the manner directed by such vote and distribute the same after payment of debts.

The section of the general act providing for an application to the court was, as to this society, superseded by this provision. And, inasmuch as the society had become a stock corporation, it was proper, unless some restriction appeared, that it should have control of its property, to sell and dispose of the same.

" Corporations, unless restrained by their charters, have the power to mortgage their property to secure borrowed money or their debts." (*Carpenter* v. *Black Hawk Mining Company*, 65 N. Y., 43, 48.) " By the common law the power to alien and mortgage lands in the course of its business, inhered in corporations capable of acquiring and holding them, as in natural persons, as an incident of ownership." (*Rochester Savings Bank* v. *Averell*, 96 N. Y., 467, 472.)

Whatever, then, may be the powers of societies organized under the general act, this society has no restriction placed upon its power to dispose of its property except the requirement of a vote of two-thirds. It owed debts and it borrowed the money in question to pay them.

In this case there was a vote of the directors, and subsequently, on due notice of the object, a two-thirds vote of the stockholders, and finally a written consent of two-thirds of the stockholders. We think that the society had the power to mortgage, and the proceedings therefor were regular. If there were any irregularity in those proceedings the society had the opportunity to set it up when it was sued in foreclosure, and no such defense was set up.

The next question is whether, on the sale under the foreclosure, Loughran could lawfully purchase on his own account. It might also be argued by the plaintiff, on the same general principle, that the mortgage could not properly have been made to Loughran. But the rule is decided adversely to the plaintiff in *Twin-Lick Oil Company* v. *Marbury* (91 U. S., 587, 589, 590). The director of a corporation is not exactly in the position of a trustee having the title to property held in trust for another. He has no title to the property of the corporation ; the title is in the company itself. It is true he is in a position where he must manage the affairs of the corporation for its good. But he is not absolutely excluded from the right of dealing with it. He can loan money to it and become its creditor, and he can receive by the act of the corporation security for his debt.

If he has a mortgage security he may foreclose the mortgage, and it follows, almost of necessity, that if he can foreclose he may protect himself by bidding at the sale. Of course, if he takes any undue advantage, another question arises. But when his acts are fair and open they are not invalid. In the present case more than six months elapsed between the advertising and the sale. During this time the present plaintiff was carrying on his motion to open the judgment. He had abundant notice of the intended sale and could have bid for the property had he chosen to do so. There is no pretense that there was any actual fraud or unfairness in the purchase by defendant.

In the case of *Hoyle* v. *Plattsburgh and Montreal Railroad Company* (54 N. Y., 314), the Commission of Appeals stated, in the course of its opinion, that a director of a railroad company could not become a purchaser of property of the corporation, except subject to the right of the corporation to elect to disaffirm the sale and have a resale. But it was not said that the sale was void, only that the corporation might ask for a resale if they believed the property would sell for more. And it was further stated that where the director himself was the judgment-creditor, he had a clear right to sell the property of the corporation, and it was not decided that he might not then purchase in his own right.

Nor was it proved in this case that Loughran assigned to Burhans only for the purpose of foreclosure. Loughran had a subsequent judgment against the society, and was advised by counsel that for that reason he would better assign his mortgage. The foreclosure sale was then for his benefit as creditor.

In such a case he must plainly have a right to protect his interest, both under the mortgage and under the judgment, by bidding. Otherwise the property might be sacrificed. And he must have a right to bid for himself.

If the mortgagor, the society, should think that the property sold for too little, they might move for a resale. And perhaps, on such a motion, the court would consider the fact that the purchaser was an officer in the company. But the sale would be valid and could only be set aside in equity. (*Harrington* v. *Erie County Savings Bank*, 101 N. Y., 257.)

There remains to be considered the fourth question, whether a

valid sale could be made after the appointment of a receiver. The cases on which the learned court relied as establishing the negative are *Wiswall* v. *Sampson* (55 U. S. [14 How.], 52), and *Walling* v. *Miller* (108 N. Y., 173). Both of these were cases of a sale under the ordinary execution against property. To understand what the Court of Appeals decided we must quote a few words. There had been a levy under execution on property as personal. Two days afterwards a receiver was appointed. Afterwards a sale was made under the execution, and under that sale plaintiff claimed title. Still later the receiver sold and the purchaser took the property. The purchaser under the execution sale sued the receiver and the purchaser at his sale. The court said : " The lien of the execution was not destroyed by the appointment of a receiver, but the rights and interests of all parties in the property were thereafter to be adjusted by the court which appointed the receiver, and the property could not be taken out of the possession of the receiver and sold upon the execution without leave of the court."

" Persons having liens upon the property had no right to interfere with its possession by the receiver, and without any application or adjudication of the court sell and dispose of it and thus dissipate it and deprive the court of jurisdiction to administer it."

Now, the first thing to notice is that these remarks apply to executions on judgments. In the case of such executions there is no action of the court directing a sale of specific property. They are issued by the party on his own motion without any special authority of the court. A decree of foreclosure is very different. In that the court itself on hearing the facts of the case orders that the property be sold by a person appointed by the court. The judgment of the court that the property be sold is as authoritative as the judgment of the same court that a receiver be appointed. The mortgaged property is not sold " without leave of the court," but is sold by direction of the court. It is not sold " without any application or adjudication of the court," but is sold by the adjudication of the court. The plaintiff does not deprive the court of jurisdiction to administer, but administers under the judgment of the court.

We think, therefore, that a judgment of the court directing the sale of specific property and the sale thereunder do not come within

the condemnation applied by the court to ordinary executions issued by the party without special authority.

Suppose, for instance, that a mere judgment-creditor asked leave of the court to issue an execution, when a receiver had been appointed, and that the court granted leave, would not the sale be regular and valid? Now, when the court itself orders a sale of specific property by a person appointed by itself, is not that sale valid?

But the present case goes farther. The judgment appointing the receiver expressly refers to the judgment of foreclosure made the same day, and declares that the judgment shall not in any way prejudice the legal rights of Burhans under his decree of foreclosure and sale, and that it shall not be necessary to bring in Burhans as a party, and the decree shall not operate as a stay in the action of Burhans. What does this mean but a permission, if permission was needed, to Burhans to go on with his sale? His legal rights were to sell, and these rights are not prejudiced. The decree is not to operate as a stay. Then he may lawfully go forward. It would be unjust, after declaring that his rights are not prejudiced, and his proceedings are not stayed, when Burhans goes on in the faith of this provision and sells the property, then to hold that the sale was void; void, because made without the leave of the court. Such a construction is a fraud on Burhans. He was most emphatically told in the judgment which appointed the receiver that his own judgment in foreclosure was not stayed or prejudiced. And when the referee sells, as that foreclosure judgment directed, the court is asked to say that the act was an improper interference without leave of the court, and the sale was void.

Further still, the receiver afterwards obtained a temporary stay for the purpose of making his motion to open the judgment of foreclosure. The motion was made and denied. The temporary stay ceased with the denial of the motion (if not before). And again the court, by its order putting an end to the stay, allowed the foreclosure sale to go on. And yet the receiver says that the sale was "without leave of the court." If the court then thought that it was best to have the receiver sell, why did not the learned justice, who denied the receiver's motion, stay the proceedings in the foreclosure action on the grounds now urged by the receiver?

Both Burhans and the receiver were before the court on that motion, and if the present position of the receiver on this point was good, it might have been urged then. Or the court might have been asked, in its discretion, further to stay the proceedings in the foreclosure until the receiver could advertise and sell. Instead of that Burhans went on in good faith; and after the sale had been made and confirmed the purchaser has to meet the expense and trouble of this ejectment action. Another circumstance confirms this view. When the motion made by the receiver to open the foreclosure judgment was denied, an order was made by the consent of his attorneys. That order directed that the motion costs of Burhans and the fees of the referee who had taken evidence on the motion should be paid out of the proceeds of the mortgage sale, and they were so paid.

Now, here is again a recognition by the court, and a consent by the receiver's attorneys, that the property should be sold under foreclosure; and that the costs and disbursements which the receiver had caused, and for which, as the defeated party, he would ordinarily be liable, should be paid from the avails of that sale.

The judgment should be reversed and a new trial granted, costs to abide the event.

LANDON, J., concurred; MAYHAM, J., not acting.

Judgment reversed, new trial granted, costs to abide event.