[No. 16137.  Department One.  January 21, 1921.]

JOHN I. DANIEL, *Petitioner*, v. GEORGE L. REID, *as Sheriff of Spokane County, Respondent.*[1]

APPEAL (241)—SUPERSEDEAS OR STAY—APPOINTMENT OF RECEIVER— EFFECT.  The effect of an appeal from an order appointing a receiver, with supersedeas bond, is to take the property out of the possession of the court, and it is therefore subject to execution and sale under a judgment that was not superseded on appeal.

RECEIVERS (45) — TITLE TO PROPERTY — EFFECT OF APPOINTMENT. The appointment of a receiver to collect rents coming from a building does not put the building itself in *custodia legis*, so as to prevent the sheriff from levying an execution thereon to satisfy the judgment in the action in which the receiver was appointed.

SAME (45).  A judgment debtor who opposed the appointment of a receiver to collect rents and appealed therefrom, giving a supersedeas bond, is not in a position to assert that the property is in *custodia legis*.

Application filed in the supreme court September 29, 1920, for a permanent injunction to restrain a sheriff's execution sale.  Denied.

*Cyrus Happy* and *A. C. Moore,* for petitioner.
*Joseph B. Lindsley* and *W. C. Meyer,* for respondent.

BRIDGES, J.—In a suit other than this, instituted in the superior court for Spokane county, Hazel Daniel was the plaintiff and J. J. Daniel *et ux.* were defendants.  It appears that the purposes of that action were to establish in that plaintiff an undivided ownership in lot 2, block 10, in the resurvey and addition to Spokane Falls (now Spokane), Washington, and for a money judgment against the defendants.  It also appears that in that action the trial court found and adjudged that the plaintiff there was the owner of an undivided one-twelfth interest in the property mentioned, which

[1]Reported in 194 Pac. 979.

is commonly known as the Yale block, and gave a judgment in her favor against the defendants therein in excess of $24,000.

The judgment debtors have appealed to this court from that judgment, but have not given any supersedeas bond. We understand that this appeal is yet undecided here. The lower court, also in that action, appointed a receiver of the Yale block, or the rents, issues and profits therefrom. The receiver duly qualified, but before he had taken possession of the property or collected any rents, issues and profits, the defendants in that action appealed to this court from the order appointing the receiver, and gave a supersedeas bond on that appeal in the sum of $5,000. This appeal is, also, as we understand it, still pending here.

After the appeal from the order appointing the receiver, the judgment creditor caused an execution to be issued out of the cause mentioned, and directed to the sheriff of Spokane county, and by authority thereof the sheriff subsequently levied upon and advertised for sale all the right, title and interest of the judgment debtor in and to the property known as the Yale block. However, before any sale could be had, the judgment debtor commenced an action in the superior court at Spokane for the purpose of enjoining the sheriff from making sale under his execution and levy. The lower court refused to give any relief in that action. Thereafter the judgment debtor applied to this court for a temporary restraining and show cause order. This court issued a temporary restraining order and required the sheriff to show cause why a permanent injunction should not issue. The sheriff has answered the original application, and in this manner there is now before us the question whether the temporary restraining order heretofore issued by us shall be made permanent. In other words, the ques-

tion is whether the sheriff, under the circumstances detailed, is entitled to sell the property levied upon by him.

This case primarily involves the doctrine of property in *custodia legis*, and the effect on such property by the giving of a supersedeas bond in connection with the appeal from the order appointing the receiver.

The petitioner contends that the appointment and qualification of the receiver brought the property into the possession of the court, and since property in *custodia legis* may not be interfered with except upon order of the court, the sheriff has no right to sell the property under his writ of execution. The authorities cited by him hold that the giving of notice of appeal from the order appointing the receiver, and the supersedeas bond in connection therewith, stay the action of the court and receiver, and for the time being suspend the exercise of the functions of the receiver, and that the receiver, notwithstanding the appeal and supersedeas bond, is still the receiver and an officer of the court. 1 Clark, Receivers, § 882; High, Receivers (4th ed.), p. 220; 3 C. J. 1325; 23 Am. & Eng. Ency. Law (2d ed.), p. 1127; 17 Cyc. 980; *Texas v. Palmer*, 158 Fed. 705; *Stirling v. Seattle, R. & S. R. Co.*, 198 Fed. 913; *Hagan v. Lucas*, 10 Peters (U. S.) 400.

But these authorities do not go to the extent of holding that, under circumstances such as exist here, the property, after the appeal and the giving of the bond, still remains in the custody of the court, and we think that the effect of the giving of the bond was to take the property out of the possession of the court pending the appeal. The appeal and bond did more than merely stay the hand of the receiver—suspend his authority or power to act; it also authorized and empowered the appellant, who is the petitioner here, to obtain and

keep the actual physical possession of the property. If the bond, therefore, had this effect, how can it be said that the court had possession of the property? How can the property be rightfully in the possession of that appellant and still remain in *custodia legis?* As said in High, Receivers (4th ed.), p. 158:

"—And when the order appointing him (the receiver) is stayed by an appeal and *supersedeas,* the property will not be deemed in the custody of the law until actually reduced to possession by the receiver after the affirmance of his appointment on the appeal, until which time it remains in the custody of the original defendant, who is authorized to make necessary contracts for its preservation and for the protection of his rights."

To the same general effect, see *Cook v. Cole,* 55 Iowa 70, 7 N. W. 419; *Boston & M. C. C. etc. Co. v. Montana Ore Purch. Co.,* 27 Mont. 431, 71 Pac. 471. We are, therefore, of the opinion that the property is not, pending the appeal, in *custodia legis.*

The situation here is analogous to the situation where an appeal notice and stay bond have been given after the issuance and levy of an execution. Rem. Code, § 1727 provides:

"When an appeal bond is conditioned so as to effect a stay of proceedings if execution has issued the clerk shall on demand of the appellant, issue to the sheriff a certificate that proceedings have been stayed, which shall countermand the execution; and thereupon the sheriff shall release any property levied on and not already sold, and return the execution into court."

Ordinarily speaking, property levied on by the sheriff under a writ of execution is as much in *custodia legis* as property in the hands of a receiver, and if an appeal and accompanying supersedeas bond will absolutely take the property out of the hands of the court

when that court has obtained possession by virtue of an execution, a similar appeal bond should deprive the court of possession obtained by the appointment of a receiver.

But there is another reason why the sheriff should not be restrained from proceeding with his sale. Our previous discussion has been on the assumption that the receiver was appointed over, and with power to take possession of, the identical property which the sheriff is threatening to sell. But such is not the fact. By the order appointing the receiver, it is plain that the court intended that the extent of the powers of the receiver should be to collect the rents, issues and profits of the Yale block. That order, in part, reads as follows:

"Therefore it is hereby ordered that Alex J. Lindsay, of the city of Spokane in said county and state, be and he is hereby appointed receiver of the rents, issues and profits of said Yale block . . . . and that such receiver shall take possession and control of said building with the usual powers of a receiver, and collect and take possession of said rents, issues and profits, and generally to do such acts respecting the property as the court may authorize."

Manifestly, under this order, the receiver could do nothing more than collect the rents coming from the building; the title or ownership of the property was not affected, and the most the receiver could do would be to take such possession of the property as empowered him to collect the rents. The sheriff is advertising and threatening to sell "the right, title and interest of the defendant John J. Daniel," in the Yale block property. One who purchases at an execution sale does so subject to all rights and equities, and any person who purchases under this execution would take the title to the property subject to the right of the receiver to col-

lect and receive the rents, issues and profits, in the event this court should affirm his appointment.

While, ordinarily, ownership of real estate and the right to receive the rents, issues and profits therefrom are closely akin, yet in such a case as this they are easily separable. We conclude, therefore, that if it should be held that there is any property in *custodia legis,* it consists of rents, issues and profits and not the property itself, and that, consequently, the sheriff is not interfering with any property which might be in the possession of the court.

Another reason might be given why the writ issued by us should not be made permanent. If the property is in *custodia legis,* it was placed there upon the application and for the benefit of the judgment creditor who caused the execution to be issued and levied on the property in question. The petitioner here, the judg- ment debtor, has at all times opposed the appointment of the receiver and the taking possession of the prop- erty by the court, and has himself appealed from that order, and by virtue of his bond did everything he could possibly do to take or keep the property out of the possession of the court. He is not, therefore, in any position to claim the protection of the doctrine of *custodia legis.*

The restraining order heretofore made by us is dis- solved.

PARKER, C. J., HOLCOMB, MACKINTOSH, and FULLER- TON, JJ., concur.