409 P.2d 309

**E. W. HARRIS, Appellant and Cross-Appellee,**

v.

**HOWARD P. FOLEY CO., a corporation, and Jelco Doe Inc., dba Foley-Jelco, a Joint Enterprise, Appellees and Cross-Appellants.**

**1 CA–CIV 270.**

Court of Appeals of Arizona.

Dec. 31, 1965.

Rehearing Denied Jan. 19, 1966.

Review Denied Feb. 10, 1966.

Hughes & Hughes, by John C. Hughes, Phoenix, for appellant and cross-appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, for appellees and cross-appellants.

STEVENS, Chief Judge.

The question before us is whether or not an appeal may be taken from a remittitur order. We deem the problem to be of such general interest that instead of ruling by a minute entry order, a formal opinion should be written.

The facts in relation to the problem may be stated as follows: The appellant herein was the plaintiff below. Upon the conclusion of the trial in a personal injury action, the jury returned a verdict in favor of the plaintiff in the sum of $44,000 and a formal written judgment in this sum was duly signed and filed. A timely motion for new trial was filed. The motion urged, among other matters, that excessive damages had been awarded. The motion was timely considered by the court and on 15 July, Judge Tang entered an order which is reflected in the court's minutes. In part, the order recites:

"IT IS ORDERED that the motion for new trial be denied provided that there be an assent to remitter of $14,-000.00.

"IT IS ORDERED granting plaintiff a period of thirty (30) days in which to respond to this order of remitter and if remitter is not filed within a period of thirty (30) days a new trial will be granted on the issue of damages only."

This minute order was reduced to a formal written order bearing the same date.

On 11 August 1965, prior to the expiration of the time specified in the order, the following notice of appeal was given:

"Notice is hereby given that the plaintiff, E. W. HARRIS, appeals to the Appellate Court and Supreme Court of the State of Arizona from the order of remitter and the order granting the new trial rendered by the Court, entered on the 15th day of July, 1965."

Thereafter there was tendered to Judge Tang a form of order which he did not sign which recited that the 30 day period having expired and no remittitur having been filed, it was decreed that the damages awarded are excessive and that a new trial is granted on the issue of damages alone. Since Judge Tang did not sign the order, a further order was prepared which he signed in September. This order stated that in the light of Borrow v. El Dorado Lodge, 75 Ariz. 139, 252 P.2d 791 (1953), with an opinion on rehearing 75 Ariz. 218, 254 P.2d 1027 (1953), the trial court concluded that it did not have jurisdiction to enter the actual order for a new trial and for that reason only, abstained from doing so.

The precise question before us requires that we carefully examine the Rules of Civil Procedure and § 12–2101 as amended, A.R.S., as well as Borrow and Lyric Amusement Co., v. Jeffries, 58 Ariz. 381, 120 P.2d 417 (1941).

It is urged by the appellants that Lyric and Borrow establish that it is the law of Arizona that an order for remittitur similar to the order of 15 July is an appealable order. It is urged by the appellees that neither case makes that determination. Appellate courts at times erroneously entertain

appeals from orders entered by the trial court which are not appealable orders. This occurs where the parties and the court assumed that the order was appealable and the fact of the appealable status of the order was not raised. In Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961), the fact that the order under consideration was not an appealable order was not called to the attention of the court nor did the participating judges recognize that fact until the issue was raised by a motion for rehearing filed by different attorneys. The Supreme Court held that it was then too late to raise the issue. While it is true that the order in that case was not an appealable order it was nevertheless an order, the entry of which could have been assigned as error in relation to a proper appeal. The court was faced with a procedural rather than a jurisdictional problem. In this respect see the opinion on rehearing 90 Ariz. 151, 367 P.2d 203 (1961).

It is our opinion that in both Lyric and Borrow all parties assumed that an order for remittitur, as a condition to the denial of the motion for new trial, was an appealable order and that in neither case was the issue presented to the Arizona Supreme Court for an express decision.

 Rule 59 of the Rules of Civil Procedure, 16 A.R.S., governs motions for new trial. Subdivision (i) thereof relates to the question of excessive or inadequate damages and the first subdivision thereof is as follows:

"Motion on ground of excessive or inadequate damages.

1. When a motion for new trial is made upon the ground that the damages awarded are excessive, the court may order that if the amount which it deems excessive is remitted within such time as is fixed, a new trial *will be denied*, but that if such amount is not remitted a new trial *will be granted* only in the respect of the damages, and the verdict shall stand in all other respects." (Emphasis supplied)

While there is respectable opinion to the contrary, it is our opinion that an order which follows the language of the rule, as does the order we now have under consideration, does not in and of itself dispose of the motion for new trial and that a further order is required. The plaintiff is privileged to give formal written advice to the court that he filled a remittitur in which event the court would enter a further order reciting that fact with a further express order denying the motion for new trial. The plaintiff is privileged to furnish the court with written advice that he will not file a remittitur in which event that affirmative election would be noted in a subsequent order coupled with an express order granting the motion for new trial in relation to damages only. The plaintiff is privileged to permit the time specified in the order to lapse without any formal written advice to the court in which event the court would enter a further order reciting the fact of the lapse of time as well as the fact of the failure to make an affirmative election coupled with an express order granting the motion on the terms theretofore specified. It is not too much to ask either busy lawyers or busy judges to keep track of matters as vital as a motion for new trial particularly when the subject of remittitur is under consideration.

 Even assuming that a further order need not be made by the trial judge, the appellant in the present case did not specifically advise the court that he refused to accept the remittitur. We hold that in the absence of affirmative advice by the plaintiff given to the trial court accelerating and terminating the time within which the election can be made, the order could not be appealable until the expiration of the time interval set forth in the order; in this instance, 30 days from the 15th day of July. We, therefore, hold that the notice of appeal given on the 11th day of August 1965, and prior to the entry of either a further order by the trial judge or the expiration of the 30 day period next following the 15th of July order was premature.

The occasions upon which an appeal may be taken in Arizona are set forth in § 12–2101, as amended, A.R.S. There is no right to appeal apart from this statute. Kemble v. Porter, 88 Ariz. 417, 357 P.2d 155 (1960).

Subsection B thereof authorizes an appeal "from a final judgment".

Subsection C thereof authorizes an appeal "[f]rom any special order made after final judgment".

. Subsection E thereof authorizes an appeal "[f]rom a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment".

Subsection F(1) authorizes an appeal from the "[g]ranting or refusing a new trial".

An order for a remittitur has its place in our procedure as one aspect of the motion for new trial. It is not separate and distinct from a motion for new trial. When a motion for new trial is denied, the judgment becomes final and both are appealable. When a motion for new trial is granted, a party can appeal from the order. The order in question is not a final ruling on a motion for a new trial, at least it was not as of the 11th day of August. The order in question is not an order within Subsection C above in that it is an integral part of the motion for new trial procedure and there is no "final judgment" where a motion for new trial has been made, until the motion has been ruled upon by an express order or has been determined by operation of law.

In the rehearing on Borrow, the Supreme Court held that the appealing party should have the full time allowed by the order of the court within which to make his election. Some time will lapse between the time of this opinion and the issuance of the mandate. The plaintiff will be granted the ten days next following the issuance of the mandate within which to make his election under the order of 15 July.

The appellees filed a cross-appeal and requested, in the event that this Court sustains the motion to dismiss, that the cross-appeal be withdrawn without prejudice and dismissed.

Rule 14(a) of the Rules of the Arizona Supreme Court, 17 A.R.S. provides for the issuance of a mandate. The issuance of the mandate in this matter will constitute the dismissal of the appeal and the dismissal of the cross-appeal.

CAMERON and DONOFRIO, JJ., concur.