422 P.2d 734

ARIZONA LAND CORPORATION, an Arizona corporation, Petitioner,

v.

The Honorable George M. STERLING, Judge of the Superior Court of Maricopa County, and Y. Z. Squyres and Mary C. Squyres, his wife, Respondents.

No. 1 CA–CIV 512.

Court of Appeals of Arizona.

Jan. 24, 1967.

Rehearing Denied Feb. 21, 1967.

Review Denied March 28, 1967.

Burton M. Bentley and Barry Allen Reiss, Phoenix, for petitioner.

W. Francis Wilson, Phoenix, for respondents.

STEVENS, Judge.

The petitioner seeks a writ to prohibit the respondent judge from authorizing the withdrawal and the invasion of a certificate of deposit in the hands of the Clerk of the Superior Court. Due to the urgency of the situation, we entered a written minute entry order staying the action contemplated by the respondent judge pending the filing of a formal written opinion. This opinion affirms our previous order.

This matter is basically a procedural problem, and it is essential to an understanding thereof to briefly outline the factual background.

The plaintiffs Squyres recovered a $33,-406.57 judgment against the defendant, Arizona Land. This judgment was reduced to writing on 15 December 1965. On 24 December 1965, Arizona Land filed a motion for judgment N.O.V. or for a new trial. These motions were timely continued and argued. On 3 March 1966, the court denied the motion by minute entry order on condition that the sum of $3,578.67 be remitted by the plaintiffs. The court reserved jurisdiction to grant a new trial if the remittitur was not accepted by the plaintiffs. A formal written remittitur was filed by the plaintiffs on 18 March 1966. There was no written follow-up order signed by the judge and

filed with the Clerk of the Superior Court. This requirement is discussed in the case of Harris v. Howard P. Foley Co., 2 Ariz. App. 389, 409 P.2d 309 (1965). Arizona Land filed its notice of appeal and the trial court fixed the supersedeas bond in the amount of $33,500. Arizona Land secured a certificate of deposit in this sum from the Pioneer Bank and lodged the same with the Clerk of the Superior Court. The certificate of deposit was referred to and utilized in connection with the formal supersedeas bond. In due time the appeal was lodged with the Court of Appeals and assigned this Court's Cause No. 1 CA-CIV 408.

The Squyres filed their motion to dismiss the appeal in Cause No. 1 CA-CIV 408. This Court deemed the appeal premature and, on 16 September 1966, entered its written minute entry order dismissing the appeal without prejudice. A certified copy of the order was filed in the Superior Court Cause on 19 September 1966.

The Squyres then prepared a formal written order based upon the 3 March 1966 minute entry order and the 18 March remittitur. This order denied the motion for new trial and complied with the procedures set forth in Harris. At the same time, the Squyres prepared an amended judgment which reflects the sum set forth in the original judgment less the remittitur. Both of these documents were signed by the trial judge and filed with the Clerk of the Superior Court on 27 September 1966. It is at this point that our current procedural problems come into focus.

On and shortly after 27 September 1966, the Squyres caused a writ of execution to be served on the Clerk of the Superior Court and writs of garnishment to be served on the Clerk of the Superior Court and the Pioneer Bank. All of these post-judgment enforcement processes sought to reach the certificate of deposit which continued in the official custody of the Clerk of the Superior Court. As of the time of the issuance and service of these enforcement writs, no order had been entered by the trial court in relation to the availability of the certificate of deposit or its utilization to satisfy the judgment.

Arizona Land filed a new and timely motion for new trial, coupled with a motion for judgment N.O.V. It also filed motions directed to the propriety of the writ of execution and the writs of garnishment. On 3 November 1966, the trial judge entered a minute order which, in part, has the following effect:

1) Upon presentation of proper written orders, all motions will be denied.
2) Fixing the supersedeas bond in the sum of $33,500.
3) Directing the Clerk to apply the money in the Clerk's hands in satisfaction of the judgment.
4) Denying the defendant's motion for judgment N.O.V. and denying the motion for new trial.
5) Denying the defendant's motion to permit the certificate of deposit to be used as security for a supersedeas.

A formal written order denying the motion for new trial and the motion for judgment N.O.V., which motions were addressed to the 27 September 1966 judgment, was signed by the trial judge and filed with the Clerk on 4 November 1966. On the same day Arizona Land also filed a new notice of appeal and tendered a document which it deemed to be a supersedeas bond. The Squyres objected to the sufficiency of the supersedeas bond.

By reason of orders entered in the trial court, the petitioner herein deemed it necessary to seek extraordinary relief from the Court of Appeals. It lodged with this Court the petition which we now have under consideration. We issued our order for an informal hearing and at the conclusion of the informal hearing, entered a written minute entry order staying further action by the Superior Court in relation to the certificate of deposit pending further orders from the Court of Appeals. On 19 December 1966, after further consideration of the matter, we issued a written

minute entry order containing the following recitations and order:

"In the opinion of this Court, time is of the essence and it is essential that a further written minute entry order issue to be followed by a formal written opinion. It is our opinion:

1) That notwithstanding the 16 September 1966 order in our Cause No. 1 CA-CIV 408, the supersedeas bond remained in effect until terminated by proper order of the trial court.

2) That the $33,500 certificate of deposit in the hands of the Clerk of the Superior Court as security for the supersedeas bond was, and is, in custodia legis and the judgment creditor was not privileged to reach the same by execution or garnishment against the Clerk of the Superior Court or by garnishment against the bank issuing the certificate of deposit. The judgment creditor's remedy was by motion, noticed for hearing and a court order wherein the trial court issued its directions to the Clerk of the Superior Court.

3) That the said certificate of deposit is presently available to the judgment debtors as security in relation to a supersedeas bond.

4) That under the circumstances of this case and even though the judgment debtors do not appear to have invoked Rule 62(b), the case of ALLISON -v- CHATWIN, 99 Ariz. 99 recites at page 103 [407 P.2d 69]:

'* * * the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo. * * *'

5) That by the minute entry order of 3 November 1966, the trial court fixed the sum of the supersedeas bond at the figure of $33,500 and the trial court is hereby directed to approve a supersedeas bond which utilizes that certificate of deposit as security.

6) That the written judgment of 15 December 1965, was amended by the formal written remittitur filed 18 March 1966, and the case was then in an appealable posture subject only to a formal written order on the motion for new trial, the contents of the order having been indicated by the 3 March 1966 minute entry of the trial court.

7) That the judgment creditor elected to file a new judgment on 27 September 1966, thereby making available to the judgment debtors the procedures which they adopted, namely, the filing of a new motion for new trial which was filed on 7 October 1966. Thereby the time within to appeal was further extended for the period of sixty days next following the formal written order denying said motion for new trial which formal written order was entered on 4 November 1966.

Pending the filing of a formal written opinion,

IT IS ORDERED in conformity with the foregoing recitations."

■■■ The first question which we must answer is the effect of the new amended judgment signed and filed on 27 September 1966. It was not necessary for the Squyres to take this step. The 15 December 1965 written judgment and the 18 March 1966 remittitur, coupled with a formal written order signed by the trial judge and filed with the Clerk bringing to a conclusion the 3 March 1966 minute entry order, would have presented an appealable record. The Squyres having elected to cause the entry of an amended judgment on 27 September 1966, Arizona Land was privileged to appeal therefrom or to follow the procedure above set forth, that is to say, a further motion for new trial and motion for judgment N.O.V. directed to the 27 September 1966 judgment.

**8**

In the case of McKinster v. Great Northern Ry. Co., 67 Mont. 134, 218 P. 87 (1923), the court held, on a substantially similar fact situation, that the amended judgment was the one from which the appeal could be taken. Since there is no precedent in Arizona to guide this Court, we choose to follow the principle as set forth in the McKinster case. Arizona Land's appeal from the 27 September 1966 judgment, which reflects the amount of the 14 December 1965 judgment less the 18 March 1966 remittitur, is timely.

The next question for our consideration concerns the manner in which parties to an action may reach money or other evidence of indebtedness which is held by the Clerk of the Superior Court in relation to that action. The certificate of deposit on file with the Clerk of the Superior Court is in custodia legis and, therefore, exempt from execution or garnishment by the judgment creditor against the Clerk of the Superior Court or from garnishment by the judgment creditor against the bank issuing the certificate of deposit. The only way that the certificate of deposit could be reached by the judgment creditor is by a motion filed in the cause, with notice, followed by a hearing and an order by the court directing that the Clerk disburse the funds. Kunselman v. Kaser, 41 Ariz. 219, 17 P.2d 327 (1932); Anderson v. Ferguson, 56 Idaho 554, 57 P.2d 325 (1936).

Kunselman involved a judgment of foreclosure in which the trial court directed that the mortgaged property, which was in the hands of the receiver, be sold by the sheriff. The court held that property in custodia legis was not subject to levy and sale under execution by the sheriff without leave of the court. Although the facts in this case are somewhat different, the principle espoused in Kunselman is applicable and supports our conclusion.

In the Anderson case, one-half of the proceeds from the sale of hogs was placed with the Clerk of the Court. It was held that execution does not run against money in custody of the court. The court stated that, "The court has inherent power to control the fund in the hands of its clerk and to direct him as to the distribution thereof in the discharge of his official duties. * * 'An order for payment of a fund out of court may be made on motion in the cause in which the fund was deposited * * *'."

The minute entry order entered by this Court on 19 December 1966 is affirmed. Upon the issuance of the mandate in connection with this matter, the trial court is directed to proceed in a manner consistent with this opinion.

DONOFRIO, J., and JACK L. OGG, Judge of Superior Court, concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Superior Court Judge JACK L. OGG was called to sit in his stead and participate in the determination of this cause.