Eric John **STRATHMERE** and David L. Bergsma, Plaintiffs,

v.

Saki **KARAVAS**; Noula Karavas; R. Howard Brandenburg; Centinel Bank of Taos; and Eliu E. Romero, Defendants.

### No. CIV 77–822 PHX CLH.

United States District Court, D. Arizona.

Jan. 13, 1984.

Bruce Norton and John C. West, Phoenix, Ariz., for plaintiffs.

Joseph B. Miller, Phoenix, Ariz., for defendants.

### MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The defendants Karavas filed a motion for new trial pursuant to Rule 59, Federal Rules of Civil Procedure, urging that the jury's award of $209,000 as compensatory damages and $200,000 as punitive damages was excessive and contrary to the evidence.

The Court ordered that unless plaintiffs accepted a remittitur of the compensatory damages to $155,000 and of the punitive damages to $10,000, the motion for new trial would be granted. The plaintiffs accepted the reduction of the compensatory damages but rejected the reduction of the punitive damages. The defendants have now filed a Motion for New Trial on Issue of All Damages.

The motion is not a Rule 59 motion, nor is it a Rule 60(b)(6) motion, which authorizes the Court to relieve a party from a *final* judgment for "any other reason justifying relief from the operation of the judgment." Entry of judgment for the compensatory damages would not be a final order because of Rule 54(b). In reality, the motion is an objection to the propriety of the plaintiffs accepting a portion of the remittitur and rejecting the rest.

While Rule 59 makes no mention of remittitur, the practice has been "sanctioned by long usage." 11 Wright & Miller, Federal Practice and Procedure § 2815, p. 100.

Can a party accept a remittitur of compensatory damages and reject a remittitur of punitive damages? Counsel for both sides admit that they have not been able to find a case in point or even sufficiently analogous to lend support to the respective position of each. The Court's own research has not uncovered a case in point.

However, in *First National Bank of Glencoe v. Lincoln,* 39 Minn. 473, 4 N.W. 573 (1888), there was a trial before a referee, who directed judgment against four defendants for $3,017.46. The defendants moved for a new trial, and the court made an order granting the motion unless the plaintiff elected to take a judgment against three of the defendants for $2,814.63 and against the fourth defendant for $280.06. The plaintiff elected to take judgment against the three defendants but moved for a new trial as to the fourth. The motion was denied. On appeal it was held that the order for a new trial was entire and could not be severed by plaintiff.

■ The purpose of a remittitur is "to achieve a just result and to avoid multiple trials. *Benjamin v. Randell,* 2 Wash.App. 50, 467 P.2d 196, 199 (1970). The purpose is thwarted if a plaintiff is permitted to pick and choose as to how much of the remittitur he will accept or reject. The Court concludes that plaintiffs were required to accept or reject the order for remittitur in its entirety.

■ What is the status of the defendants' motion for new trial that resulted in the order for remittitur? The order stated that "unless plaintiffs file a remittitur . . . the defendants' motion for new trial *will* be granted on the issue of damages alone." [emphasis supplied] Unlike the Federal Rules of Civil Procedure, Arizona's Rules of Civil Procedure (Rule 59(i)) expressly authorize a remittitur. Before 1967 the Arizona rule provided that if a remittitur is accepted "a new trial will be denied, but that if such amount is not remitted a new trial will be granted only in the respect of the damages." In *Harris v. Howard P. Foley Co.,* 2 Ariz.App. 389, 409 P.2d 309 (1965), the Arizona Court of Appeals held that a court's order for remittitur which stated that if it was not accepted a new trial "will be granted" did not in and of itself dispose of the motion for new trial and that a further order was required. As a consequence, in 1967 the Arizona rule was amended to provide that "if [acceptance of a remittitur] is filed within the prescribed time, the motion for new trial shall be regarded as denied as of the date of such filing."

In this case no order was ever entered denying defendants' motion for new trial with respect to compensatory damages and granting defendants' motion for new trial with respect to punitive damages.

IT IS ORDERED granting defendants' motion for new trial on issue of all damages.

IT IS FURTHER ORDERED that if plaintiffs file a statement within ten days from the date of this order accepting the remittitur of compensatory damages to $155,000 and of punitive damages to $10,000, defendants' motion for new trial shall be regarded as denied as of the date of such filing.

IT IS FURTHER ORDERED that if no statement is filed by plaintiffs, the motion for new trial shall be regarded as granted as of the date of the expiration of the time period within which a statement could have been filed, and the Court will then set a new trial on the issue of damages only.